**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ********************************************* : | PROCEEDINGS FOR |
| IN RE:                                                                  : | REORGANIZATION |
|     H. Krevit and Company, Incorporated, et al.[1]  : | UNDER |
|                                                                    : | CHAPTER 11 |
|     DEBTOR                                          : |  |
|                                                                    : |  |
|     (Employer ID # -8460)                           : | CASE NOS. ___ through ___ |
| ********************************************* : |  |
| ********************************************* : |  |
| IN RE:                                                                  : |  |
|                                                                    : |  |
|     H. Krevit and Company, Incorporated, et al.     : |  |
|                                                                    : |  |
|        Movant                        : |  |
|                                                                    : |  |
|    vs.                                                   : |  |
|                                                                    : |  |
|     AJM Industries LLC                              : |  |
|     Enhanced Capital Connecticut Fund I, LLC        : |  |
|     Enhanced Capital Connecticut Fund II, LLC       : |  |
|     Enhanced Capital Connecticut Fund III, LLC      : |  |
|     Karter Capital Advisors, LLC                    : |  |
|     Stonehenge Capital Fund Connecticut, II LLC     : |  |
|     Stonehenge Capital Fund Connecticut, III LLC    : |  |
|     Connecticut Dept. of Economic and Community     : |  |
|         Development             : |  |
|     United States Small Business Administration     : |  |
|     United States of America Internal Revenue Service : |  |
|     Adex International, Inc.                        : |  |
|                                                                    : |  |
|        Respondents                   : |  |
| ********************************************* : |  |

**MOTION FOR PRELIMINARY AND FINAL ORDER AUTHORIZING DEBTORS IN POSSESSION TO OBTAIN CREDIT AND GRANTING ADEQUATE PROTECTION TO ACM BUSINESS SOLUTIONS, LLC**
<u>**AND AUTHORIZING THE USE OF CASH COLLATERAL**</u>

TO:    THE HONORABLE JULIE A. MANNING
            CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] In re H. Krevit and Company, Incorporated, Case No. 15-_____; In re GreenChlor, Inc., Case No. 15-_____; In re GCTR Realty, LLC, Case No. 15-_____; and In re HKC Trucking, LLC, Case No. 15-_____.  On this same date, the Debtors filed an application for joint administration of these four cases.

The above-captioned Debtors as debtors in possession ("Debtors") by and through their counsel, Rogin Nassau LLC, make this Motion for Preliminary and Final Order Authorizing Debtors in Possession to Obtain Credit and Granting Adequate Protection to ACM Business Solutions, LLC (the "Lender") and Authorizing the Use of Cash Collateral (the "Motion") pursuant to 11 U.S.C. §§ 362, 364 and Rules 4001(b) and 4001(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and respectfully represents:

1. On November 19, 2015 (the "Petition Date"), Debtors filed with this Court their respective voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code and are continuing to manage their respective properties and to operate their respective businesses as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not yet been appointed.

2. The Debtor H. Krevit and Company, Incorporated ("Krevit") is a manufacturer and distributor of various inorganic chemicals, including sodium hypochlorite (bleach), hydrochloric acid, and sodium hydroxide (caustic soda). Krevit's products are used in water treatment and industrial applications. Krevit's customers include industrial users, municipalities and retailers. Krevit was established in 1919 and is the oldest manufacturer of sodium hypochlorite in the United States.

3. The Debtor GreenChlor, Inc. ("GreenChlor") is the owner and operator of a chlor-alkali manufacturing facility in New Haven, Connecticut which, using salt water and electricity, manufactures sodium hypochlorite (bleach), hydrochloric acid and sodium hydroxide (caustic soda). Krevit owns 80% of the outstanding capital stock of GreenChlor and is the sole customer for the Debtor's production.

4.  The Debtor GCTR Realty, LLC ("GCTR") owns the real property located at 71-73 Welton Street, New Haven, Connecticut. GreenChlor operates its business at the property. GCRT Realty is owned by Thomas S. Ross, who is the President of all of the Debtors, and a shareholder of both Krevit and GreenChlor.

5.  The Debtor HKC Trucking, LLC ("HKC Trucking") is the owner of a fleet of Volvo tractors (the "Vehicles") which are used by Krevit in the operation of Krevit's business. HKC Trucking has no other assets and Krevit is the sole user of the Vehicles. Mr. Ross and Donald DeChello are the members of HKC Trucking. Mr. DeChello is a director, officer and employee of Krevit.

6.  Prior to the Petition Date, the Debtors obtained financing from various sources. In particular, First Niagara Bank, N.A. ("FNB") made the following loans to the Debtors:

   a. FNB made to Krevit (i) a revolving loan in the original principal amount of up to Three Million One Hundred Fifty Thousand and 00/100 Dollars ($3,150,000.00), as evidenced by that certain Commercial Revolving Promissory Note dated August 18, 2010 from Krevit to New Alliance Bank now known as FNB, as amended, and which loan was used to refinance existing debt, provide short term working capital for Krevit and provide short term letters of credit; (ii) a term loan in the original principal amount of Eight Hundred Fifty Thousand and 00/100 Dollars ($850,000.00), as evidenced by that certain Commercial Term Promissory Note dated August 18, 2010 from Krevit to New Alliance Bank now known as FNB, as amended, and which loan was used to refinance existing debt and capital leases; (iii) a non-revolving line of credit loan in the original principal amount of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00), as evidenced by that certain Capital Expenditure Line of Credit Promissory Note dated August 18, 2010 from Krevit to New Alliance Bank now known as FNB, as amended, and which loan was used for capital expenditures (collectively, the "August 2010 Loans");

   b. The August 2010 Loans are secured by all of the assets of Krevit (the "Krevit Collateral") and are guaranteed by Mr. Ross;

   c. FNB made a term loan to Krevit and GreenChlor in the original principal amount of One Million Four Hundred Forty-Six Thousand Six Hundred and 00/100 Dollars ($1,446,600.00), as evidenced by that certain Commercial

    Term Promissory Note dated October 10, 2010 from Krevit to New Alliance Bank n/k/a FNB, as amended, and which loan was used to construct a building land owned by GCTR Realty at 71-73 Welton Street, New Haven, Connecticut (the "Real Property"), (the "October 2010 Loan" and together with the August 2010 Loans, the "2010 Loans");

d. The October 2010 Loan is secured by the Krevit Collateral and a Mortgage Deed and Financing Statement dated October 4, 2010 and recorded in the New Haven Land Records on October 4, 2010 in Volume 8606 at Page 199, and is guaranteed by Mr. and his son Douglas Ross ("Douglas");

e. FNB made a loan to GreenChlor in the original principal amount of up to Eleven Million Six Hundred Seventeen Thousand Four Hundred and 00/100 Dollars ($11,617,400.00) as evidenced by that certain Multiple Draw Term Note (Nonrevolving) dated September 27, 2012 from GreenChlor to FNB, as modified by that certain Note Modification Agreement dated April 11, 2014, that certain Second Note Modification Agreement dated June 1, 2014 and that certain Third Note Modification Agreement dated January 1, 2015, all by and between GreenChlor and Bank (the "GreenChlor Loan"), and which loan was used to fund the costs of the construction, installation and equipping of a 30-ton Chlor-Alkali manufacturing plant located on the Real Property and related site improvements in accordance with certain plans and specifications (the "GreenChlor Project");

f. The GreenChlor Loan is secured by all of the assets of GreenChlor (the "GreenChlor Collateral") and is guaranteed by Krevit, HKC, GCTR, Mr. Ross and Douglas.  The GreenChlor Loan is also secured by an Open-End Mortgage Deed and Security Agreement dated September 27, 2012 and recorded in the New Haven Land Records on October 3, 2012 in Volume 8892 at Page 117;

g. FNB made a loan to Krevit in the original principal amount of Two Million and 00/100 Dollars ($2,000,000.00), as evidenced by that certain Commercial Revolving Promissory Note dated March 18, 2015 from Krevit to Bank (the "March 2015 Loan");

h. The March 2015 Loan is secured by, among other things, the Krevit Collateral and the GreenChlor Collateral and is guaranteed by GreenChlor, HKC Trucking, GCTR Realty and Mr. Ross;

i. On July 24, 2015, FNB, Krevit, GreenChlor, HKC Trucking and GCTR Realty entered into a Forbearance Agreement (the "Forbearance Agreement") which, inter alia, provided that FNB would forebear exercising its rights under the 2010 Loans, the GreenChlor Loan and the March 2015 Loan through September 20, 2015. FNB further agreed to amend the March 2015 Loan by increasing the maximum borrowing thereunder to Three Million and 00/100

4

      Dollars ($3,000,000.00), which loan is evidenced by an Amended and Restated Commercial Promissory Note dated July 24, 2015. GreenChlor, HKC Trucking, GCTR Realty and Mr. Ross reaffirmed their respective guarantees of the March 2015 Loan, as amended;

j. In consideration for the Forbearance Agreement and the increase of the March 2015 Loan, HKC Trucking pledged the titles to the Vehicles to FNB and Krevit granted to FNB a Leasehold Mortgage covering Krevit's Lease in the property it occupies at 73 Welton Street a/k/a 67 Welton Street, New Haven, Connecticut;

k. On or about October 2, 2015, Krevit, GreenChlor, HKC Trucking, GCTR Realty and Mr. Ross entered into Second Forbearance Agreement with FNB which, inter alia, extended the forbearance period to October 30, 2015;

l. The 2010 Loans, the GreenChlor Loan and the March 25, 2015 Loan, as amended are collectively referred to as the "FNB Loans" and the documents evidencing and securing the FNB Loans are collectively referred to as the "FNB Loan Documents";

m. On November 16, 2015, FNB assigned its right, title and interest in and to the FNB Loans and the FNB Loan Documents to AJM Industries LLC ("AJM"), an affiliate of Lender; and,

n. As of the Petition Date the Debtors are indebted to AJM as follows:

The August 2010 Loans

Commercial Revolving Promissory Note
| | |
|---|---|
| Principal balance: | $2,997,416.00 |
| Interest: | $     5994.89 |
| **Total:** | **$3,003,410.89** |

Commercial Term Promissory Note
| | |
|---|---|
| Principal balance: | $ 285,763.89 |
| Interest: | $        644.36 |
| **Total:** | **$ 286,408.25** |

Capital Expenditure Line of Credit Promissory Note
| | |
|---|---|
| Principal balance: | $   85,543.23 |
| Interest: | $        224.62 |
| **Total:** | **$   85,767.85** |

The October 2010 Loan
| | |
|---|---|
| Principal balance: | $ 747,623.02 |

   Interest:           $ <u>5,608.33</u>
   **Total:**           **$ 753,231.35**

   <u>The GreenChlor Loan</u>

   Principal balance:      $11,617,400.00
   Interest:           <u>$ 1,077,950.07</u>
   **Total:**           **$12,695,350.07**

   <u>The Amended March 2015 Loan</u>

   Principal balance:      $3,000,000.00
   Interest:           <u>$ 14,000.00</u>
   **Total:**           **$3,014,000.00**

7.  As aforesaid, the total amount owed by the Debtors as of the Petition Date to AJM is $19,838,168.41.

8.  In addition to the obligations of the Debtors to AJM as the assignee of the FNB Loans, the Debtors have incurred the following obligations:

  a.  On or about November 23, 2012, Krevit entered into a Credit Agreement (the "Junior Creditor Credit Agreement") with Enhanced Capital Connecticut Fund I, LLC, Enhanced Capital Connecticut Fund II, LLC, Enhanced Capital Connecticut Fund III, LLC, Karter Capital Advisors, LLC, Stonehenge Capital Fund Connecticut, II LLC and Stonehenge Capital Fund Connecticut, III LLC (collectively the, "Junior Creditors"). Pursuant to the Junior Creditor Credit Agreement the Junior Creditors loaned Krevit $4,000,000 (the "Junior Creditor Loan"). The Junior Creditor Loan was guaranteed by Mr. Ross, Douglas Ross, GreenChlor, GCTR Realty and HKC Trucking. To secure the Junior Creditor Loan, each of Krevit and HKC Trucking granted to the Junior Creditors a blanket security interest. The security interests granted to the Junior Creditors are also subject to an Intercreditor Agreement among FNB, the Junior Creditors and the State of Connecticut.

  b. On or about November 16, 2012, the State of Connecticut, acting by the Department of Economic and Community Development ("DECD") entered into an Assistance Agreement (the "Assistance Agreement") with Krevit. Pursuant to the Assistance Agreement, DECD loaned to Krevit $2,750,000.00 (the "DECD Loan"). To secure the DECD Loan, Krevit granted to DECD a security interest in all of its assets.

  c. On or about February 14, 2012, GreenChlor executed in favor of Connecticut Community Investment Corporation ("CCIC") a Promissory Note the amount of $620,000 and secured said Promissory Note with an Open-End Mortgage recorded on February 15, 2012 in the New Haven Land Records in Volume 8793 at Page 104. The interest of CCIC in said Promissory Note and Mortgage was assigned to the United States Small Business Administration by an Assignment of Note, Mortgage and Other Loan Documents executed on February 14, 2012 and recorded on October 15, 2012 in the New Haven Land Records in Volume 8793 at Page 129.

  d. On or about April 17, 2014, the United States of America Internal Revenue Service filed a lien against Krevit at the Office of the Connecticut Secretary of State in the amount of $215,565.39 for the period ending December 31, 2013 for obligations owed by Krevit on Form 941. Said Federal Tax Lien was also recorded on April 22, 2014 in the New Haven Land Records in Volume 9135 at Page 296. On or about May 22, 2014, the United States of America Internal Revenue Service filed a lien against Krevit at the Office of the Connecticut Secretary of State in the amount of $261,305 for the period ending September 30, 2013 for obligations owed by Krevit on Form 941. Said Federal Tax Lien was also recorded in the New Haven Land Records on

       June 2, 2014 in Volume 9151 at Page 3.  Based on a statement from the Internal Revenue Service dated October 7, 2015, the total amount of $465,199.12.

       e.      On August 28, 2015, Adex International filed a Certificate of Mechanic's Lien (the "Adex Lien") against all that certain piece and parcel of real property known as 73 Welton Street, New Haven, Connecticut, with the City Clerk for the City of New Haven, Connecticut, in the amount of $2,182,660, plus interest and attorney's fees, if applicable, owned by GCTR, pursuant to an alleged contract for the provision of labor, services, equipment or materials with GreenChlor. The Debtors dispute the Adex Lien.

9.      Debtors has requested that Lender establish a secured lending facility in favor of the Debtors (the "DIP Facility") pursuant to which Debtors may obtain loans from time to time (the "DIP Loans") in an aggregate principal amount up to $1,500,000.00 outstanding at any time, secured by all personal property of Debtors, wherever located and whether created, acquired or arising prior to or after the Petition Date, for all purposes specified in the budget attached hereto as <u>Exhibit C</u> (as the same may be further modified or supplemented with Lender's consent, the "Budget").  Pursuant to the terms and conditions set forth herein and in that certain Debtor in Possession Credit and Security Agreement between Lender and Debtors, a copy of which is attached hereto as <u>Exhibit A</u> (together with all schedules, exhibits and annexes thereto, and as at any time amended, modified, restated or supplemented, the "DIP Loan Agreement"), Lender is willing to establish the DIP Facility and, in accordance with the terms hereof and thereof, make DIP Loans and other extensions of credit to or for the benefit of Debtor during the period from November 19, 2015 through the sooner to occur of (x) the date of the conclusion of the Final Hearing (as hereinafter defined) or (y) December 11, 2016 (the "Interim Period").  As summary of certain terms of the DIP Facility is attached hereto as <u>Exhibit B</u>.

10. An immediate and ongoing need exists for Debtors to obtain financing to continue the operation of their businesses as debtor-in-possession under Chapter 11 of the Bankruptcy Code, to minimize disruption of Debtors' businesses and to allow Debtor to effectuate a sale of its assets. Despite diligent efforts, Debtor has been unable to obtain financing in the form of unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to Section 364(c)(1) of the Bankruptcy Code or financing in the form of credit secured by liens that are junior to existing liens on property of the estate pursuant to Sections 364(c)(2) and (c)(3) of the Bankruptcy Code. Debtor submits that it is unable to obtain financing on terms more favorable than those offered under the DIP Facility.

11. Lender's willingness to make DIP Loans and other extensions of credit under the DIP Facility (collectively, the "Credit Extensions") is conditioned upon, among other things, (i) Debtor obtaining entry of the proposed form of order attached hereto, and (ii) obtaining approval of Debtor's grant, as security for the prompt payment of all DIP Obligations (as hereinafter defined), of security interests in and liens upon all of Debtors' pre-petition and post-petition assets, including, without limitation, all of Debtors' cash, accounts, inventory, equipment, fixtures, general intangibles, documents, instruments, chattel paper, deposit accounts, letter-of-credit rights, commercial tort claims, investment property, and books and records relating to any assets of Debtors and all cash and non-cash proceeds (including, without limitation, insurance proceeds) of the foregoing, whether now in existence or hereafter created, acquired or arising and wherever located (all such personal property, including, without limitation, all Pre-Petition Collateral, being collectively hereinafter referred to as the "Collateral"), and that such security interests and liens have the priority hereinafter set forth; provided, however, that the Collateral

9

shall not include avoidance claims under Chapter 5 of the Bankruptcy Code. Debtors represent and warrant that there are no security interests in or liens upon any of the Collateral, other than "Permitted Liens" (as defined in the DIP Loan Agreement).

12. Pursuant to Bankruptcy Rules 4001(b)(2) and (c)(2), Debtors request that (a) this Court hold an interim hearing and thereafter enter the proposed order authorizing Debtors, during the Interim Period, to obtain DIP Loans for the purposes specified in the Budget as applicable to the Interim Period and (b) this Court subsequently hold a final hearing and thereafter enter an order substantially in the form of the proposed order authorizing Debtors, after the Interim Period, to obtain DIP Loans for the purposes specified in the Budget as applicable to such period of time.

13. Debtors propose to serve copies of the Motion and notice of the Interim Hearing by electronic mail, telecopy transmission, hand delivery, overnight courier or first class United States mail upon the United States Trustee, counsel for Lender and AJM, each Debtor's 20 largest unsecured creditors, each Debtor's secured creditors and all parties who have filed requests for notices under Rule 2002 of the Bankruptcy Rules.

14. Debtors submit that good cause exists for the entry of the proposed order and authorization for Debtors to obtain Credit Extensions pursuant to the DIP Loan Agreement. The need of Debtors for financing of the type afforded by the DIP Loan Agreement is ongoing, immediate and critical. Entry of this Order will minimize disruption of the business and operation of Debtors, will preserve the assets of the estate of Debtors and its value, and is in the best interests of Debtors, their creditors and their estates. The terms of the proposed financing are fair and reasonable, reflect the exercise of business judgment of Debtors, and are supported by reasonably equivalent value and fair consideration.

15. Debtors submit that the DIP Loan Agreement and related documents, as well as the terms of the proposed order, have been negotiated in good faith and at arm's length between Debtors, on the one hand, and Lender on the other hand. Debtors submit that all Credit Extensions made pursuant to the DIP Loan Agreement and all other instruments, security agreements, assignments, pledges, mortgages, reaffirmations and other documents referred to therein or requested by Lender to give effect to the terms thereof the DIP Loan Agreement and such other instruments, security agreements, assignments, pledges, mortgages, reaffirmations and other documents, as at any time amended ( being collectively called the "DIP Financing Documents") should be deemed to have been made in good faith within the meaning of Section 364(e) of the Bankruptcy Code.

**WHEREFORE**, the Debtors pray that (i) the Court enter the proposed order and authorize Debtors to enter into the DIP Financing Documents and obtain Credit Extensions, grant liens, award priority claim status, provide adequate protection all in accordance with the such order and documents; and  (ii) grant such other and further relief as is just.

Dated at Hartford, Connecticut, this 19th day of November, 2015.

    H. Krevit and Company, Incorporated
    GreenChlor, Inc.
    GCTR Realty, LLC
    HKC Trucking, LLC

    By___/s/ Barry S. Feigenbaum_____
        Barry S. Feigenbaum
        Fed. Bar No. ct06605
        bfeigenbaum@roginlaw.com
        Matthew T. Wax-Krell
        Fed. Bar No. ct26905

                                          [mwax-krell@roginlaw.com](mailto:mwax-krell@roginlaw.com)
Rogin Nassau LLC
Their Attorneys