**Concise Statement Pursuant to Bankruptcy Rule 4001(c)**

In accordance with Bankruptcy Rule 4001(c) and (d), the following summarizes the significant terms of the DIP Agreement, the Interim Order, and the Final Order.[1]

| | |
|---|---|
| **Debtors**: | Krevit, Greenchlor, GCTR, and HKC |
| **Guarantors**: | None |
| **DIP Facility**: | A revolving credit facility in the aggregate an amount not to exceed $1,500,000 in new money loans. *See* DIP Agreement § 2.01. |
| **DIP Lender**: | ACM Business Solutions, LLC |
| **Use of Proceeds**: | To fund Debtors' post-petition operations and working capital needs consistent with a budget approved by the DIP Lender and appended to the Interim Order and Final Order. *See* DIP Agreement § 2.08. |
| **Mandatory Prepayments**: | Mandatory prepayments shall be required to be made if, at any time, the Aggregate Cash Balance in the Debtors' financial accounts exceeds $250,000.00. *See* DIP Agreement § 2.04. |
| **Maturity**: | The Termination Date—the date on which all then existing DIP Obligation become immediately due and payable and the availability of the DIP Facility terminates—occurs upon the earlier of (a) the Maturity Date, specifically, January 29, 2016; (b) the date the Debtors repay the DIP Obligations in full and terminate the DIP Facility; (c) the earlier of the date on which the DIP Obligations become due payable in accordance with terms of DIP Agreement, or the availability of the DIP Facility terminates in accordance with the terms of the DIP Agreement; or (d) the closing of any sale of any of the Debtor's assets or Business pursuant to 11 U.S.C. § 363(b). *See* DIP Agreement at Article 1, Article II §§ 2.01, 2.05. |
| **Interest**: | Borrowings under the DIP Facility shall be at the annual rate equal to 8% per annum. *See* DIP Agreement at Article 1, Article II § 2.02. |
| **Security**: | All Loans and all other obligations under the DIP Facility will be |

---

[1] The definitions of terms set forth in the proposed Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1) Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing submitted herewith are incorporated herein by reference.

|  |  |
|---|---|
|  | entitled to: (a) superpriority administrative expense claim status pursuant to 11 U.S.C. § 364(c)(1), subject only to the Carve Out; and (b) security interests in and liens upon pursuant to 11 U.S.C. § 364(c)(2) and § 364(d) all presently owned and hereafter acquired assets of the Debtors, including without limitation, accounts, deposit accounts, investments, instruments, documents, inventory, general intangibles and intellectual property, equipment, other goods, real estate and fixed assets and proceeds and products of all of the foregoing (including insurance proceeds), senior in priority and superiority to any other lien or interest, subject only to the Carve Court, the IRS Liens and the Permitted Prior Liens.  *See* DIP Agreement §§ 3.01, 3.02, 4.01, 4.02, 4.03, 4.04, Schedule 4.01.  |
|  | The term "Carve Out" shall mean (a) all allowed administrative fees and reimbursements for disbursement of professionals retained by Debtors in an aggregate amount not to exceed $100,000; (b) all allowed administrative fees and reimbursements for disbursement of professionals retained by any statutory committee of unsecured creditors appointed in these Bankruptcy Cases in an aggregate amount not to exceed $50,000; (c) quarterly fees pursuant to 11 U.S.C. § 1930(a)(6) and any fees payable to the clerk of the Bankruptcy Court, and (d) amounts due and owing to the Debtors' employees for post-petition wages.  *See* Interim Order ¶ 29. |
| **Adequate Protection/ Objection Period**: | As adequate protection for of the interests of certain secured creditors in the Prepetition Collateral against any Diminution in Value of such interests in the Prepetition Collateral, the IRS, the Prepetition Senior Lender, the Prepetition Junior Lender and the DECD will be granted replacement liens all DIP collateral; |
|  | Furthermore, the Debtors, the Prepetition Senior Lender and the Prepetition Junior Lender have made certain acknowledgements and agreements concerning, among other things, the validity and amount of the Prepetition Senior Lenders' and Prepetition Junior Lenders' claims and interests, and the priority and perfection of the Prepetition Senior Lender's and the Prepetition Junior Lenders' pre-petition liens.  *See* DIP Agreement at Section 4.04; Interim Order ¶¶ E(vii). |
|  | The deadline to object to the extent, validity and priority of the Prepetition Senior Lender's and Prepetition Junior Lenders' claims and interests, or assert claims against the Prepetition Senior Lender and Prepetition Junior Lenders arising from or related to the subject lending relationships shall be no later than thirty (30) |

|  |  |
|---|---|
|  | calendar days following the date of the entry of the Final Order, or, if sooner, forty-five (45) calendar days following the date of the entry of the Interim Order. |
| **Covenants**: | Weekly financial reports, balance sheets, statement of income, compliance with budget, maintenance of inventory, and other affirmative and negative covenants.  *See* DIP Agreement at Articles VI and VII. |
| **Certain Bankruptcy Waivers/Commitments**: | By Debtors in favor of the DIP Lender resulting from the DIP Facility, including the following: (a) Debtors shall not seek to sell assets outside the ordinary course of business without the DIP Lender's consent; (b) each of the DIP Lender and Prepetition Senior Lender are entitled to (i) a waiver of any "equities of the case" claims under 11 U.S.C. § 552(b), and (ii) upon entry of a Final Order, a waiver of the provisions of 11 U.S.C. § 506(c).  *See* Interim Order at ¶ F(vii). |
| **Perfection of Lien**: | Interim Order shall be evidence of validity, perfection, and priority of DIP Liens and Adequate Protection Liens without necessity of filing or recording any financing statement or other instrument.  *See* Interim Order at ¶ 18. |
| **Events of Default**: | Usual and customary for facilities of this type, as set forth in the DIP Agreement.  *See* DIP Agreement at Section 10.  In particular, without limitation, there shall be an Event of Default if: |

      (i)     The Debtors shall fail to pay the DIP Obligations when due;

      (ii)    Any representation or warranty made by the Debtors in connection with the DIP Agreement shall have been incorrect in any material respect when made;

      (iii)   The Debtors shall liquidate, dissolve, or terminate, or shall suspend or cease its Business;

      (iv)   Upon the dismissal or conversion of the Bankruptcy Cases; and

      (v)    The Bankruptcy Court does not enter the Bidding Procedures Order on or before December 11, 2015, or the Sale Order on or before January 22, 2016.

|  |  |
|---|---|
|  | Upon the occurrence of an Event of Default and after five (5) business days' notice, the automatic stay shall be lifted to allow the DIP Lender to pursue any and all remedies available under the DIP Agreement and applicable nonbankruptcy law, and the DIP Lender shall have the option to terminate the DIP Agreement and declare the Loan and all other Obligations then outstanding to be immediately due and payable.  The DIP Lender shall have the right to exercise any and all rights, options, and remedies provided for in the DIP Loan Documents, under the UCC, the Bankruptcy Code, the Financing Orders, or at law or in equity.  The Debtors shall be entitled to an emergency hearing with the Bankruptcy Court for the sole purpose of contesting whether an Event of Default has occurred and/or is continuing.  *See* DIP Agreement § 10.02; Interim Order at ¶ 23. |
| **Default Rate**: | A rate of interest per annum equal to the rate that is 5% above the Loan Rate.  *See* DIP Agreement at Article I. |
| **Conditions to Funding**: | Usual and customary for facilities of this type, as set forth in the DIP Agreement.  *See* DIP Agreement § 3.02. |
| **Indemnification**: | By Debtors in favor of the DIP Lender resulting from the DIP Facility and the transactions contemplated thereby or any claim, litigation, investigation, or proceeding relating to any of the foregoing.  *See* DIP Agreement § 10.03. |
| **Expenses**: | Debtors are responsible to pay all costs and expenses, including reasonable attorneys' fees, incurred by the DIP Lender in connection with the DIP Obligations and the DIP Agreement.  *See* DIP Agreement § 12.06. |

**ALL PARTIES-IN-INTEREST ARE DIRECTED TO THE DIP AGREEMENT, THE INTERIM ORDER AND THE FINAL ORDER THEMSELVES TO FULLY SET FORTH THEIR TERMS AND CONDITIONS.**